UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GRIPILIANO PENA, MIGUELINA FERNANDEZ, and HECTOR B. MERCEDES, | Case No. 14 CV 1463 (WHP) |
| Plaintiffs, | |
| -against- | **SECOND AMENDED COMPLAINT** |
| SAN MIGUEL TRANSPORTATION, INC., and CARLOS CAMARENA, | |
| Defendants. | |

---

Plaintiffs, Gripiliano Pena, Miguelina Fernandez, and Hector B. Mercedes ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Second Amended Complaint against Defendants, San Miguel Transportation, Inc., (hereinafter, "San Miguel Transportation") and Carlos Camarena (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiff, Gripiliano Pena, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff, Miguelina Fernandez, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Plaintiff, Hector B. Mercedes, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff, Gripiliano Pena, alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

5. Plaintiff, Miguelina Fernandez, alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day she worked ten (10) or more hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

6. Plaintiff, Hector B. Mercedes, alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

9. Plaintiffs, Gripiliano Pena, Miguelina Fernandez and Hector B. Mercedes, are adult residents of New York County, New York.

10. Defendant, San Miguel Transportation, is a business corporation existing and doing business under the laws of the State of New York, with a principal place of business at 904 Broad Street, Providence, Rhode Island 02907, and a location at 534 West 178th Street, New York, New York 10033.

11. Upon information and belief, Defendant, Carlos Camarena, is the owner, officer, director and/or managing agent of San Miguel Transportation, whose address is unknown at this time and who participated in the day-to-day operations of San Miguel Transportation and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with San Miguel Transportation.

12. Plaintiff, Gripiliano Pena, was employed by Defendants in New York County, New York, to work as a driver for Defendants' transportation company known as "San Miguel Transportation" from June 2011 until January 8, 2014.

13. Plaintiff, Miguelina Fernandez, was employed by Defendants in New York County, New York, to work as a dispatcher in the office of Defendants' transportation company, known as "San Miguel Transportation" from May 2013 through November 2013.

14. Plaintiff, Hector B. Mercedes, was employed by Defendants in New York County, New York, to work as a driver in the office of Defendants' transportation company, known as "San Miguel Transportation" from August 2013 through July 10, 2014.

15. At all relevant times, San Miguel Transportation was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by Plaintiffs, Gripiliano Pena, Miguelina Fernandez, and Hector B. Mercedes, was directly essential to the business operated by San Miguel Transportation.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs Gripiliano Pena, Miguelina Fernandez and Hector B. Mercedes, their lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Miguelina Fernandez her lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Gripiliano Pena and Hector B. Mercedes their lawfully earned overtime wages in contravention of the New York Labor Law.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs Gripiliano Pena, Miguelina Fernandez and Hector B. Mercedes, their lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

21. Plaintiffs, Gripiliano Pena, Miguelina Fernandez and Hector B. Mercedes, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a. Plaintiff Gripiliano Pena

22. In June 2011, Plaintiff, Gripiliano Pena, was hired by Defendants to work as a driver for Defendants' transportation company known as "San Miguel Transportation" located at 534 West 178th Street, New York, New York 10033.

23. Plaintiff, Gripiliano Pena, worked continuously for the Defendants from June 2011 through January 8, 2014.

24. During Plaintiff Gripiliano Pena's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally began a typical work day at 4:30 a.m. picking up as many as fourteen (14) passengers in New York City and transporting them to New London, Connecticut and various locations in and around Providence, Rhode Island. He then repeated the trip back to New York by picking up passengers in the Providence, Rhode Island vicinity, and returned to New York City at approximately 10:30 p.m. Plaintiff worked, on average, six (6) days a week, and his work shift

consisted of up to seventeen (17) hours per day, for which he was paid only $90.00 per day, in cash.

25.     Plaintiff was not paid minimum wages or overtime compensation. Plaintiff was paid an average hourly regular rate of only $5.30 per hour, in cash, and he worked up to one hundred (100) or more hours per week.

### b. Plaintiff Miguelina Fernandez

26.     In May 2013, Plaintiff, Miguelina Fernandez, was hired by Defendants to work as a dispatcher in the New York City office of Defendants' transportation company known as "San Miguel Transportation" located at 534 West 178th Street, New York, New York 10033.

27.     Plaintiff, Miguelina Fernandez, worked continuously for the Defendants from May 2013 through November 2013.

28.     During Plaintiff Miguelina Fernandez's employment by Defendants, she worked well over forty (40) hours per week. Plaintiff Miguelina Fernandez generally began a typical work day at 10:00 p.m. and finished her shift at 6:00 a.m., or later. Plaintiff worked, on average, seven (7) nights a week, and her work shift consisted of approximately eight (8) hours per day, for which she was paid only $50.00 per day, in cash.

29.     Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid an average hourly regular rate of $6.25 per hour, in cash, and she worked up approximately fifty-six (56) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

### c. Plaintiff Hector B. Mercedes

30.     In August 2013, Plaintiff, Hector B. Mercedes, was hired by Defendants to work as a driver for Defendants' transportation company known as "San Miguel Transportation" located at 534 West 178th Street, New York, New York 10033.

31.     Plaintiff, Hector B. Mercedes, worked continuously for the Defendants from August 2013 through July 10, 2014.

32.     During Plaintiff Hector B. Mercedes' employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally began a typical work day at approximately 4:00 a.m. picking up as many as fourteen (14) passengers in New York City and transporting them to New London, Connecticut and various locations in and around Providence, Rhode Island. He then repeated the trip back to New York by picking up passengers in the Providence Rhode Island vicinity, and returned to New York City at approximately 10:00 p.m. Plaintiff worked, on average, five (5) days a week, and his work shift consisted of up to seventeen (17) hours per day, for which he was paid only $90.00 per day, in cash.

33.     Plaintiff was not paid minimum wages or overtime compensation. Plaintiff was paid an average hourly regular rate of only $5.30 per hour, in cash, and he worked up to one hundred (100) or more hours per week.

34.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff Miguelina Fernandez the FLSA overtime rate (of time and one-

half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36. Defendants knowingly and willfully operated their business with a policy of not paying all three (3) Plaintiffs the New York State overtime rate (of time and one-half the minimum rate of pay), in violation of the New York Labor Law and its supporting regulations, including § 142-2.2.

37. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to all three (3) Plaintiffs.

38. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

39. Defendant, Carlos Camarena, is an individual who, upon information and belief, owns the stock of San Miguel Transportation, owns San Miguel Transportation, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

40. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "39" of this Second Amended Complaint as if fully set forth herein.

41.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44.     Plaintiffs, Gripiliano Pena, Miguelina Fernandez, and Hector B. Mercedes, worked hours for which they were not paid the statutory minimum wage.

45.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

46.     Defendants failed to pay Plaintiffs minimum wages in the lawful amount for all their hours worked.

47.     Plaintiff, Miguelina Fernandez, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

48.     Defendants failed to pay Plaintiff Miguelina Fernandez overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff

Miguelina Fernandez for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate both Plaintiffs at the statutory minimum wage rate, and Plaintiff Miguelina Fernandez at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

51. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to further amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and, in the case of Plaintiff Miguelina Fernandez, overtime compensation, as well as an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57. Plaintiffs re-allege and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Second Amended Complaint as if fully set forth herein.

58. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

60. Defendants knowingly and willfully violated all three (3) Plaintiffs' rights by failing to pay them overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek, in direct violation of New York State Department of Labor Regulation § 142-2.2.

61. All plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the New York Labor Law.

62. Defendants knowingly and willfully violated both Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked a shift of ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

63. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

64. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "63" of this Second Amended Complaint as if fully set forth herein.

65. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

66. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

67. Defendants did not provide Plaintiffs, with any document or written statement accurately accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

12

68. Upon information and belief, this was done to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

69. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70. Plaintiffs were not provided with true and accurate wage statements as required by law.

71. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Gripiliano Pena, Miguelina Fernandez, and Hector B. Mercedes, respectfully request this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages due to Plaintiffs under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages due to Miguelina Fernandez, under the FLSA;

(d) An award of unpaid overtime wages due to all plaintiffs under the New York Labor Law, N.Y.C.R.R. § 142-2.2;

(e) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(f) An award of liquidated and/or punitive damages pursuant to 29 U.S.C. § 216;

(g) An award of liquidated and/or punitive damages pursuant to the New York Labor Law;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(j) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
July 31, 2014

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Cripiliano Pena, am an employee formerly employed by San Miguel Transportation, Inc, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       March 3, 2014

_Cripilianopena_

Sworn to before me this 3rd day of March 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRIPILIANO PENA, on behalf of himself and others : Case No. 14 CV 1463
similarly situated, : (WHP)
:
                     Plaintiff,
:
  -against-
:
SAN MIGUEL TRANSPORTATION, INC., and
CARLOS CAMARENA, :

                    Defendants. :
------------------------------------------------------------X

## CONSENT TO BECOME A PARTY PLAINTIFF
## UNDER THE FAIR LABOR STANDARDS ACT

    I, MIGUELINA FERNANDEZ, am an employee formerly employed by SAN MIGUEL TRANSPORTATION, INC., and/or related business entities, and CARLOS CAMARENA. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contract for Legal Services signed by the named plaintiffs in this case.

Dated: New York, New York
       March 25, 2014

                                                      MIGUELINA FERNANDEZ

Sworn to this 25
day of March, 2014

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires May 6, 2014

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Hecta B. Mercedes, am an employee formerly employed by San Miguel Transportation, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
July 14, 2014

_[signature]_

Sworn to before me this 14th
day of July 2014.

_[signature]_
Notary Public