USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                              :
CRIPILIANO PENA, *individually*                               :
*and on behalf of others similarly situated*,                 :
                                                              :
                  Plaintiffs,                     :    14cv1463
                                                              :
             -against-                                 :    <u>MEMORANDUM & ORDER</u>
                                                              :
SAN MIGUEL TRANSPORTATION, INC.,                              :
*et al.*,                                                     :
                                                              :
                  Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Cripiliano Pena and Miguelina Fernandez[1] filed this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against San Miguel Transportation, Inc. and its owner. The parties seek judicial approval of their proposed settlement agreement. (ECF No. 51-1 (hereinafter "Proposed Agreement").) For the following reasons, this Court declines to approve the Proposed Agreement.

## DISCUSSION

I.   <u>Judicial Supervision of Settlement</u>

        FLSA was designed "to correct and as rapidly as practicable to eliminate" the practice of employers failing to pay their employees proper wages. 29 U.S.C. § 202(b). "FLSA places 'strict limits on an employee's ability to waive claims . . . for fear that employers would coerce employees into settlement and waiver.'" <u>Guareno v. Vincent Perito, Inc.</u>, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (quoting <u>Armenta v. Dirty Bird Group, LLC</u>, No. 13cv4603, 2014 WL 3344287, at *1 (S.D.N.Y. June 27, 2014)). This is also true when, as here,

---

[1] The parties have indicated that the third plaintiff, Hector Mercedes, has declined to pursue this action and will voluntarily dismiss his claim.

a settlement is reached among the parties prior to certification of a collective action. "Without judicial oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with [FLSA]." Socias v. Vornado Realty L.P., 297 F.R.D. 38, 41 (E.D.N.Y. 2014).

II. Proposed Agreement

The Proposed Agreement provides for a settlement of $39,000, payable over eleven months. In requesting this Court's approval, the parties explain that 75% will go to Pena, and 25% to Fernandez based on their respective claims. Plaintiffs' counsel then plans to take 35% of each plaintiff's share based on their retainer agreements.

a. Bona Fides Dispute

"Before a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the bona fides of the dispute." Guareno, 2014 WL 4953746, at *1 (quoting Mamani v. Licetti, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotations omitted)). "The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." Guareno, 2014 WL 4953746, at *1 (quoting Mamani, 2014 WL 2971050, at *1). If the parties dispute the computation of wages owed, they must each provide an estimate of the number of hours worked and the applicable wage. Guareno, 2014 WL 4953746, at *1 (citing Mamani, 2014 WL 2971050, at *1).

In a letter submitted with the Proposed Agreement, the parties explain they exchanged and reviewed thousands of records and faced "valid factual disputes" that warranted a settlement, such as disputes over hours worked (e.g., evidence plaintiffs had "substantial breaks" during the work day) and pay received. (ECF No. 51.) But the parties fail to provide enough

information for this Court to evaluate the claims. For example, the parties contend the $39,000 settlement figure is "more than the amount owed, as calculated by the defendants." But they do not articulate what forms the basis for "the amount owed" and whether it includes, for example, liquidated damages to which Plaintiffs may be entitled. Similarly, the parties do not distinguish between the two settling plaintiffs except to say that Pena will receive 75 percent of the settlement and Fernandez will receive 25 percent.[2] This Court cannot determine whether the Proposed Agreement represents a fair and reasonable resolution of the dispute because of the dearth of information supplied by the parties.

b. Confidentiality

Confidentiality provisions in FLSA settlements are contrary to public policy. See Guareno, 2014 WL 4953746, at *1. So are other like-minded provisions that impose an "obligation on the plaintiff—a gag order, really—to refrain from discussing any aspect of the case or the settlement." Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (declining to approve agreement requiring parties to respond to inquiries about the action "solely by stating that 'The Parties' dispute has been amicably resolved'"). Such provisions "run[] afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Camacho, 2015 WL 129723, at *2 (internal quotations and citation omitted).

While filed on the public docket, the parties' Proposed Agreement stifles disclosure of its terms: "confidentiality is the essence of this Settlement Agreement." (Proposed Agreement ¶ 11.)[3] The Proposed Agreement prohibits the parties from disclosing the "existence of or any

---

[2] Prior motion practice revealed differences between the Plaintiffs' claims. It is undisputed that the motor carrier exemption for FLSA overtime applies to Pena, but not Fernandez. Fernandez seeks overtime, Pena does not.

[3] For an explanation of why public filing itself does not satisfy the FLSA's policy goals, see Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) ("Practically speaking, . . . the public filing of the settlement in this case, standing alone, is unlikely to benefit low-wage workers. . . . Pragmatically,

3

information concerning this Settlement Agreement" to anyone other than a spouse, financial advisor, or taxation authorities. (Proposed Agreement ¶ 10.) If Plaintiffs are ever questioned about the litigation, they can only respond "the matter has been resolved." (Proposed Agreement ¶ 10.) Moreover, if Plaintiffs or "anyone acting on their behalf" violate the confidentiality provisions, they are subject to liquidated damages of $15,000. (Proposed Agreement ¶ 11.) Equally troubling are the provisions requiring that plaintiffs refrain from "encourag[ing] any current or former employee . . . to bring any charge, lawsuit, or legal action against [Defendants]." (Proposed Agreement ¶ 10; Ex. A ¶ 4.) To prohibit those who have vindicated their rights from sharing their success with others by threatening their livelihood—whether by denying them the agreed upon settlement money or penalizing them with liquidated damages—undermines the basic purpose of FLSA.

   c. General Release

"[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Moreno v. Regions Bank, 729 F. Supp. 1346, 1351 (M.D. Fla. 2010). The Agreement here contains a general release that is "far too sweeping to be 'fair and reasonable.'" Camacho, 2015 WL 129723, at *1 (reviewing similar agreement submitted by same Plaintiffs' counsel). This Court will not approve of releases in FLSA cases where the parties purported to waive "practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issue." Camacho, 2015 WL 129723, at *1.

   d. Attorney's Fees

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc.,

---

the best way for a worker to learn about his or her employment rights is directly or indirectly from a co-worker or an outside organization.").

4

900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing (emphasis added)). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" Wolinsky, 900 F. Supp. 2d at 336 (citations omitted). "Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Wolinsky, 900 F. Supp. 2d at 336 (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)). Accordingly, counsel must provide a factual basis for a fee award that should include some reference to contemporaneous time records. See Guareno, 2014 WL 4953746, at *2 (citations omitted). Reliance on a retainer agreement is insufficient. Cf. Skidmore v. John J. Casale, Inc., 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."); see also Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009) ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.").

## CONCLUSION

For the foregoing reasons, the parties' request for approval of their proposed settlement agreement and dismissal of this action is denied. The parties are directed to notify this Court by April 21, 2015 of their intention to either (1) file a revised settlement agreement and supporting documentation in accord with this Memorandum & Order, or (2) abandon settlement and submit a joint pre-trial order.

The Clerk of the Court is directed to terminate the motion pending at ECF No. 51.

Dated: April 7, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All counsel of record.*